986 F.2d 1426
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jeffery Dean COOPER, Plaintiff-Appellant,
v.
Fred ALLENBRAND, Lt. Livengood, C. Hayden, C. Graves, B.
Bedford, (NFN) Haney, D. Graves, (NFN) Hopkins,
(NFN) Ackerman, Johnson County Sheriff's
Department, Defendants-Appellees.
 No. 92-3321.
 United States Court of Appeals, Tenth Circuit.
 Jan. 29, 1993.
 
 Before LOGAN, JOHN P. MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 Plaintiff Jeffery Dean Cooper filed suit against the Johnson County, Kansas, Sheriff, the Johnson County Sheriff's Department and seven individual officers or employees of the Department, alleging violation of 42 U.S.C. § 1983, as well as the Fourth, Fifth, Eighth and Ninth Amendments to the Constitution. After reviewing a report ordered pursuant to Martinez v. Aaron, 570 F.2d 317 (10th Cir.1978), and considering responses by the plaintiff, which included his version of the incident and affidavits from other prisoners, the district court granted summary judgment in favor of the defendants, holding that plaintiff had not been deprived of his constitutional rights. We grant plaintiff's motion for leave to proceed in forma pauperis in order to consider the merits of his appeal.
 
 
 2
 We have reviewed the entire record, as well as plaintiff's brief in support of his arguments on appeal, and agree with the district court that summary judgment in favor of the defendants was appropriate. The Martinez report includes the medical records and statements from defendants who participated as well as a nurse who treated plaintiff. Plaintiff gave his version of the incident in writing and attached affidavits from other prisoners. We do not permit factual disputes to be resolved on the basis of conflicting affidavits, of course. Hall v. Bellmon, 935 F.2d 1106 (10th Cir.1991). Nevertheless, plaintiff does not deny resisting the officers' attempts to move him from his cell. Although he alleges the officers taunted, kicked and beat him, the affidavits of other prisoners and the medical records do not support his claim of excessive force under the circumstances or of injury caused by the force required to obtain plaintiff's relocation from his cell. We note specifically that the record established administrative justification to move plaintiff to another cell and his admitted resistance, and the overwhelming evidence of timely and repeated medical attention afforded plaintiff during his detention. The record shows no neglect or actions amounting to "deliberate indifference" to plaintiff or use of excessive force to "maintain or restore discipline." Whitley v. Albers, 475 U.S. 312, 320-21 (1986). Likewise, we agree that the claims of inadequate medical care do not support a finding of deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976).
 
 
 3
 We AFFIRM for substantially the reasons stated in the district court's Memorandum and Order of August 27, 1992.
 
 
 4
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3